## CHANOSKY *et al.* v. STATE *et al.*

No. 5465. Opinion Filed November 16, 1915.

(153 Pac. 131.)

1. **APPEAL AND ERROR—Presentation for Review—Motion for New Trial.** Where no motion for a new trial has been actually filed, a recital in the record that, "Motion for new trial on behalf of said above intervenors is considered filed, heard, and overruled, to which said intervenors and each of them except, and exceptions are allowed," is of no avail, since this court does not know what the motion "considered filed" would have contained if it had been filed, or whether the court would have erred in overruling it.

2. **SAME—Sufficiency of Search Warrant.** Where a search warrant is the basis of an action, and its sufficiency has been challenged by a motion to quash, the question of its sufficiency may be considered without a motion for a new trial, where the record is certified as a transcript, because it is a part of the record proper. But errors occurring at the trial cannot be reviewed in the absence of a motion for a new trial.

3. **SEARCHES AND SEIZURES—Search Warrant—Validity—Right to Question.** The right to question the validity of a search warrant, under which certain premises have been searched is personal to the occupant of the premises. The law protects him against unreasonable search and seizure, and if he does not complain, another cannot be heard to complain for him.

(Syllabus by Brett, C.)

*Error from County Court, Comanche County;*

*H. M. Whalin, Judge.*

Action by the State against the Chicago, Rock Island & Pacific Railway Company and others. Judgment for plaintiff, and certain defendants bring error. Affirmed.

*Giddings & Dortch,* for plaintiffs in error.

*S. P, Freeling,* Atty. Gen., *R. McMillan,* Asst. Atty. Gen., and *T. B. Orr,* for defendants in error.

Opinion by BRETT, C. This cause comes up, first, on motion of the defendants in error to dismiss the appeal on the ground that no motion for a new trial was ever filed. The case is brought to this court by petition in error and case-made. And no motion for new trial appears in the record. But the record is properly certified as a transcript.

The plaintiffs in error, however, seem to rely on the recital in the judgment to the effect that:

"Motion for new trial on behalf of each of said above interveners is considered filed, heard, and overruled, to which said interveners, and each of them, except, and exceptions are allowed."

But what the motion "considered filed" would have contained if it had been filed, and whether the court would have erred in overruling it, we are unable to guess. And under the well-settled policy of this court no error occurring at the trial, in the absence of a motion for a new trial, can be reviewed. But the basis of this action was a search warrant which was challenged, by the Chicago, Rock Island & Pacfic Railway Company, by a motion to quash. And the question of the sufficiency of this search warrant may be examined without a motion for new trial. It being the basis of the action, it is a part of the record proper, and occupies a position very similar to the petition in an action, the sufficiency of which has been challenged

by demurrer. And that part of the petition in error that. assigns as error the overruling of the motion to quash the search warrant will receive attention, since the record is properly certified as a transcript; but the other questions raised in the petition in error will not be considered, as they refer to matters occurring at the trial and, in the absence of a motion for a new trial, cannot be reviewed.

The plaintiffs in error insist that the search warrant is void upon its face, because it does not comply with the provisions of article 7, sec. 19, of the Constitution, which requires that the style of all writs and process shall be, "The State of Oklahoma." The search warrant under consideration is as follows:

"In the County Court of Comanche County, Oklahoma.
"Search Warrant.

"To the Sheriff of Comanche County, Oklahoma: It being made to appear to me by the affidavit of W. E. Nix that there is probable cause for believing that liquors. are being kept by the Rock Island Railroad Company in its freight depot in the city of Lawton, Oklahoma, in said county and state, in violation of the Webb Law and of the prohibitory laws of the State of Oklahoma, you are hereby commanded to immediately, in the daytime or nighttime, search the above-described premises and seize all such liquors as are there found, together with the vessels in which they are contained, and then safely keep them subject to the further order of this court and make immediate return on said warrant.

"H. N. WHALIN, *County Judge* [Seal.]"

But it will be observed, on reading the search warrant, that it commands the sheriff of Comanche county to search the premises of the Chicago, Rock Island & Pacific Railway Company, to wit, its freight depot in the

city of Lawton, and not the premises of either of the plaintiffs in error. And this was done as the sheriff's return shows; and property seized that the plaintiffs in error, by plea of intervention, claimed belonged to them. They had no interest whatever in preventing the Chicago, Rock Island & Pacific Railway Company's premises from being searched; and whether or not the sheriff had a right to enter these premises and search them, or whether he did so unlawfully, was purely a question personal to the Chicago, Rock Island & Pacific Railway Company. And the only interest the plaintiffs in error had in the matter was to recover any property rightfully belonging to them, if such had been seized. The neighbor of a man whose house has been searched has no right to complain that the search was under a void process; that is a question purely personal to the party whose house was searched, and which he can raise and insist upon, but which his neighbors and strangers cannot raise for him. If a neighbor had property, which rightfully belonged to him, seized in such search, he could set up his claim to the property, and would be entitled to recover it, regardless of the question whether the process is valid or void. And since his rights would be the same under either, he would have no interest in the character of the process, and could not be heard upon that question. As concisely stated in *Tyler v. Judges of the Court of Registration,* 179 U. S. 405, 21 Sup. Ct. 206, 45 L. Ed. 252:

"No one can be a party to an action if he has no interest in it. A plaintiff cannot properly sue for wrongs that do not affect him."

And in *Collins v. State of Texas,* 223 U. S. 288, 32 Sup. Ct. 286, 56 L. Ed. 439:

Chanosky et al. v. State et al.

"Where the party attacking the constitutionality of a statute has not suffered, the court will not speculate whether others may suffer."

And since the premises of the plaintiffs in error were not invaded under this process, they are not interested in the character of the process under which the premises of the Chicago, Rock Island & Pacific Railway Company was searched; and the Chicago, Rock Island & Pacific Railway Company is not here complaining. If it were, a very different question would be presented. For it is against the invasion of the individual's indefeasible right of personal security that the law has erected its safeguards. And the law protects him against all unlawful search and seizure, even though done under the guise of law. But if he does not complain, another cannot be heard to complain for him. The Chicago, Rock Island & Pacific Railway Company, though thoroughly competent, and abundantly able to take care of itself, and to seek redress for all wrongs committed against it, has not joined in this appeal, and seeks no relief. We will therefore not disturb its satisfied repose by interfering with a ruling upon its motion, affecting its own personal rights, with which it is satisfied.

We therefore recommend that the judgment be affirmed.

By the Court: It is so ordered.