# RAY A. JOHNSON v. STATE.

No. A-6231.   Opinion Filed Oct. 16, 1926.
(249 Pac. 971.)

J. E. Falkenberg, for plaintiff in error.

Geo. F. Short, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J.  The plaintiff in error, hereinafter called defendant, was convicted in the district court of Grant county on a charge of murder, and his punishment fixed at death.

From the record it appears that defendant, at the time of the offense charged, was just under the age of 21 years, and he and one Albert E. Greer, an older man, stole an automobile in the state of Kansas and drove it into the state of Oklahoma.  Near the town of Medford they entered a farmhouse and stole some firearms, and then went to the town of Medford, where they intended to break into a store.  They drove the car into the alley near the rear of the store and Greer with a shotgun stood on watch, while defendant attempted to take the glass out of the rear window.  While so engaged, Stephen Mann, night policeman, came into the alley.  The approach of Mann was discovered by Greer, who communicated the fact to defendant.  Greer left the shotgun, got into the automobile, and started the engine.  Defendant got possession of the shotgun, and a shooting affray between him and Mann took place, in which Mann was killed.  Defendant fired two shots with a shotgun, and Mann fired four shots with a pistol.  Defendant claims deceased fired first.  The evidence of other witnesses is that the report of the shotgun was heard first.  The shots from the pistol of deceased cut the ignition wires, and the car could not be operated.  Defendant and Greer then fled on foot.  They were arrested some 20 miles away.  A severance was taken.  Defendant was tried, and the verdict finding defendant guilty and fixing the punishment at death was returned January 21, 1926.  It is out of the record but stated in the briefs, and was also stated to the court

in the oral argument, that, on the day following the return of the verdict, the codefendant Greer was by agreement permitted to plead guilty to manslaughter in the first degree and was sentenced to 40 years in the state penitentiary.

It is first argued that the court erred in refusing defendant's application for a change of venue. In the application for a change, it was set out defendant could not have a fair and impartial trial in Grant county because of the prejudice of the citizens of that county against defendant, due to the wide publicity given the case by prejudicial accounts through the press and otherwise. A strong showing upon this application was presented, which was contested by the state by numerous counter affidavits, in effect, stating that there was no widespread prejudice against the defendant in Grant county, and that defendant could have a fair trial by eligible, unprejudiced jurors. Under the rule frequently announced by this court that an application for a change of venue is addressed to the sound discretion of the trial court, and, unless an abuse of discretion is shown, this court will not reverse a judgment on account of the refusal of the trial court to grant a change, this contention cannot be sustained. Gentry v. State, 11 Okla. Cr. 355, 146 P. 719; Smith v. State, 14 Okla. Cr. 348, 171 P. 341; Allen v. State, 16 Okla. Cr. 136, 180 P. 564.

Complaint is next made that the court erred in permitting evidence of other crimes to be introduced in evidence. This assignment is directed to the admission of evidence that the automobile in which defendant and Greer were traveling was stolen, that they had entered a farmhouse and had stolen firearms from it, and planned to and were engaged in the burglary of the store at the time of the homicide.

It is, of course, fundamental that when a defendant is upon trial for an offense he is to be convicted, if at all, for the particular offense charged, and evidence of other offenses is not admissible for the purpose of showing him guilty of the particular offense for which he is on trial. There are, however, several well-settled exceptions. Evidence that tends directly to prove a defendant guilty of the offense for which he is on trial or that tends to prove some element of the offense charged or to show guilty knowledge, intent, motive, or is so closely linked or connected with the crime charged as to throw light upon it, is admissible, although such evidence may tend to show the commission of some separate offense and does in a measure apparently work injury to the accused. Tudor v. State, 14 Okla. Cr. 67, 167 P. 341; Cross v. State, 11 Okla. Cr. 117, 143 P. 202; State v. Rule, 11 Okla. Cr. 237, 144 P. 807; Holmes v. State, 6 Okla. Cr. 541, 119 P. 430, 120 P. 300.

Under the exceptions in these various cases and others determined by this court, all the evidence tending to prove the larceny of the automobile, the theft of the firearms in the possession of defendant and Greer at the time of the homicide, and the attempted burglary was clearly admissible and competent as tending to show motive or intent and to shed light upon the crime charged.

It is next claimed that the court erred in permitting private counsel employed to assist in the prosecution to supersede the county attorney. Under this contention it is argued at some length that the county attorney did not read the information nor make the opening statement to the jury, nor in any manner participate in the examination of witnesses, and did not argue the case to the jury, citing section 5741, Comp. Stat.

1921, Hartgraves v. State, 5 Okla. Cr. 274, 114 P. 346. No objection, however, was made during the course of the trial, and the first time any objection upon this point was called to the attention of the court was in the motion for a new trial. The journal entry of judgment recites that the county attorney appeared at the trial, and it is not made to appear that the county attorney at any time lost control of the case. The contention cannot be sustained. None of the assignments of error argued can be sustained.

It is lastly urged that, under the entire record, the penalty assessed is too severe; that, in the event the court should not sustain the contentions made, it should modify the judgment by reducing the punishment from death to life imprisonment. The penalty of death as a punishment for crime is to be inflicted only in the most extreme cases. This court has on numerous occasions upheld the death penalty and has on numerous occasions reduced the sentence of death to life imprisonment. In the case of Westbrook v. State, 14 Okla. Cr. 423, 172 P. 464, where two defendants were guilty of a murder while engaged in the commission of a felony, a severance was taken, and one of the defendants sentenced to suffer the death penalty and the other upon a plea of guilty given life imprisonment, this court reduced the sentence to life imprisonment, saying:

"For the reasons stated, and taking into consideration the fact that the defendant McKennon, who it appears was the arch-conspirator, was, upon the recommendation of the prosecuting attorney, sentenced to life imprisonment upon his plea of guilty, we are of the opinion that in the furtherance of justice the judgment and sentence in this case should be modified to imprisonment for life at hard labor."

The fact that one of two defendants, guilty of murder, is sentenced to punishment other than death and

the other sentenced to death does not of itself afford any legal reason for reducing the punishment. There may be sufficient reasons why a difference should be made. A difference in culpability may exist. One of the defendants' may have furnished information to the state, or other reasons may be present. But where, as here, no reasons appear and both are equally guilty, and where such wide difference of punishment is imposed between a defendant and his codefendant, we believe that the penalty of death should not be inflicted and that justice requires that we modify the sentence of defendant by reducing it from the death penalty to imprisonment in the state penitentiary at hard labor for life, and, as thus modified, the judgment is affirmed.

BESSEY, P. J., and DOYLE, J., concur.