REINHART G. MEIER v. STATE.

No. A-5945. Opinion Filed Nov. 19, 1927.
Rehearing Denied Jan. 28, 1928.
(263 Pac. 165.)

C. B. Leedy, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Ellis county on a charge of transporting whisky, and was sentenced to pay a fine of $50, and to serve 30 days in the county jail.

The record discloses that certain officers, about 11 o'clock at night on the date charged, intercepted a car at the town of Gage, in the front seat of which was defendant, who was apprehended, and one Wunsch, who escaped. In the back of the car was eight half gallon fruit jars of whisky. Defendant was armed with a double action Colts revolver. He stated to the officers at the time that he did not know the other person, who made his escape. There is also evidence that defendant attempted to induce the officers to permit him to escape. The car belonged to Wunsch. He had not been apprehended at the time of the trial. Defendant denied any interest in the car or the whisky, and testified that he did not know Wunsch was transporting whisky.

It is first argued that the court erred in refusing defendant's requested instructions Nos. 2, 3, and 5. Request No. 2 is, in substance, that before the jury could convict they must find beyond a reasonable doubt that defendant either owned or operated the car, or was aiding and abetting Wunsch in the transportation of said liquor. Request No. 3 is, in substance, that before the jury could convict, they must find beyond a reasonable doubt that the car belonged to defendant, or that he drove it, or was instrumental in driving it, or that the liquor was the property of defendant, or that he had interest therein, and aided or assisted in the transportation of the same. Request No. 5 is upon the law of circumstantial evidence.

Requested instructions 2 and 3 contain a principle of law which defendant was entitled to have submitted to the jury. However, the principle embodied was sufficiently covered and submitted to the jury in the court's instructions Nos. 3, 4, and 6. It is not error to refuse requested instructions although a correct statement of the law, if the principle therein contained is covered by the court's general charge. The case not depending wholly upon circumstantial evidence, the court was not required to submit that issue to the jury.

The further contention is made that the evidence is not sufficient to sustain the verdict and judgment. This contention is not tenable. The defendant was found, as stated, late at night, some 15 miles from his home, armed, in a car with another individual engaged in the transportation of whisky. He concealed from the arresting officers the identity of his companion. His solicitation to be permitted to escape indicates strongly his guilt. His testimony denying knowledge, interest or connection with the whisky was a question of fact

for the jury. The judgment will not be disturbed for insufficiency of the evidence.

The case is affirmed.

DOYLE, P. J., concurs.

DAVENPORT, J., absent, not participating.