## DORSEY PARNELL v. STATE.

No. A-6301.   Opinion Filed March 24, 1928.
(265 Pac. 660.)

George L. Zink, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Kiowa county on a charge of transporting intoxicating liquor, and was sentenced to pay a fine of $400 and to serve 120 days in the county jail.

It is first contended that the evidence is insufficient to sustained judgment. Briefly stated, the evidence for the state discloses the following state of facts: On the date charged, Jack Ball, a deputy sheriff, was driving on the public highway from the town of Roosevelt toward the city of Hobart. While driving north, he saw two cars on the highway ahead of him, one closely following the other, one a Dodge roadster and the other a Ford touring. They went out of sight over a ridge, and, as the officer came over the hill, he saw the cars stopped side by side. He saw a man take a carton with a gunny sack around it from the Dodge car and put it in the back of the Ford. He recognized the defendant as driver of the Dodge car. Immediately after transferring the package, the two cars started away, the Dodge in the lead. The officer was unable to overtake the Dodge car, but did secure the number from its license plate.

He overtook the Ford, and in the back seat of it was a carton wrapped with a gunny sack, with the remains of five jars broken, the sack saturated with whisky, whisky in the bottom of the car and on the running board, and a small quantity in the fragments of the jars. He arrested the occupants of the Ford, and soon after on his return to Roosevelt defendant was apprehended. Defendant admits that he was driving on that road, saw the Ford car, but denies that he conveyed whisky or delivered it to the occupants of the Ford car. Three young men who were in the Ford car testified. Two said in substance: That they were on the highway, as testified to by the officer. They saw some one in a Dodge roadster, and stopped him and asked for a pump. They were not sure it was defendant. He did not deliver anything to them. That about a quarter or half a quarter from where they stopped the Dodge car they found the carton by the side of the road. One of them admitted he had been convicted for transporting this liquor. The third occupant of the Ford car testified in part as the others, but was not sure but what the carton was picked up at the same place where the Dodge stopped. The evidence of these witnesses does not appear to be candid, and must have so impressed the jury.

It is argued that the evidence is insufficient to sustain the judgment. The evidence is conflicting, but, if the testimony of the deputy sheriff is to be believed, it is sufficient. Where there is evidence from which the jury may reasonably and logically find the guilt of the accused, the weight and credibility of the evidence is for the jury. They see and observe the witnesses on the stand, and are in a position to determine who should be believed. This court will not substitute its judgment for that of the jury in any such case on controverted questions of fact.

Complaint is next made that the court erred in refusing defendant's request for an instruction on circumstantial evidence. This request is that the state relies in part on cir-

cumstantial evidence, then follows the usual language in an instruction on this class of evidence. This is not a case depending on circumstantial evidence, and it is only where the state relies solely on circumstantial evidence that the court is required to give an instruction. There was no error in the court refusing to give the charge requested. No reason to disturb the judgment is apparent.

The case is affirmed.

DOYLE, P. J., and DAVENPORT, J., concur.