WILL WARNER et al. v. STATE.

No. A-6059.   Opinion Filed Aug. 4, 1928.
(269 Pac. 508.)

Rummons & Hughes, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

EDWARDS, J. The plaintiffs in error, hereinafter called defendants, were convicted in the county court of Kiowa county on a charge of transporting whisky, and were each sentenced to pay a fine of $100 and to serve 30 days in the county jail.

The only assignment of error argued is that the evidence is insufficient to sustain the verdict and judgment. The record discloses a state of facts about as follows: On the day charged a deputy sheriff near the town of Roosevelt observed two cars on the highway; they stopped by the side of the road, and he saw one of the defendants carry something from one car and place it in the other. The car then drove on, and the deputy sheriff came to the car in which defendants were, and found in it a tow sack containing a fruit jar carton and five fruit jars, some of which were broken. There was a small quantity of whisky in some of the jars; the sack, the carton, and the floor of the car were wet with whisky, a rag in the bottom of the car saturated with whisky; some had run out of the car onto the running board. There is testimony that one of the defendants later said that, if he had known the kind of fellow the deputy sheriff was, he would not have broken the jars; later at the county jail another of the defendants said that, when a fellow fools with liquor, he will get into trouble. The defendants testify in substance that they were driving along the highway and discovered a tow sack containing fruit jars by the side of the road, and that one of them

got out, examined it, and put it in the car; that the jars did not contain whisky; that another car came by, and they stopped it to borrow a tire pump. The deputy sheriff also testified that one of the tires on defendants' car was practically down. See Parnell v. State, 39 Okla. Cr. 361, 265 P. 66, relating to this same transaction.

The circumstances proven are such that the jury might reasonably and logically find defendants guilty. We are not at liberty to disturb the verdict and judgment for insufficiency of the evidence.

The case is affirmed.

DOYLE, P. J., and DAVENPORT, J., concur.