## LLOYD HOLLINGSWORTH v. STATE.

No. A-7780. Opinion Filed March 14, 1931.
(297 Pac. 301.)

Corn & Corn, for plaintiff in error.

J. Berry King, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

CHAPPELL, J.   Plaintiff in error, hereinafter called defendant, was convicted in the district court of Dewey county of the crime of manslaughter in the first degree, and his punishment fixed by the jury at imprisonment in the state penitentiary for 18 years.

The evidence is voluminous.   It is enough to say that that of the state was sufficient to support a conviction.

Defendant, testifying for himself, admitted the killing, but sought to justify the same on the ground of self-defense.

Defendant contends first that the court erred in continuing this case from the May, 1929, term and overruling motion to dismiss the same at the November, 1929, term.

The defendant filed his motion to dismiss the case because he had not been brought to trial at the next term of court, as required by section 2913, C. O. S. 1921. Upon the hearing upon such motion to dismiss, it appeared that the defendant was charged with the murder of his brother and that at the same time the case at bar was pending against the defendant, where he was charged with the murder of his father, that the case for the murder of his brother was tried at the May, 1929, term of court; that a mistrial resulted; that shortly afterward and at the same term of court another jury was impaneled, and defendant again tried for the murder of his brother and acquitted; that thereupon defendant demanded trial in the case at bar, and that the judge made an investigation and learned that there were insufficient funds to pay the expenses of the trial and thereupon continued the case until the next term of court; that defendant was enlarged upon bond and went to Wichita, Kan., where he was arrested by the federal government for a violation of the Dyer Act, and thereafter was brought to Enid, Okla., where he was lodged in the Garfield county jail; that thereupon Corn & Corn, defendant's counsel, presented a request to the court that the defendant be permitted to be surrendered to the sheriff and his bond exonerated, which was done; that at that time defendant's counsel said they were not in a hurry to try the matter.

The state made a counter showing on the motion to dismiss, and the court made findings of fact at the time

the motion was overruled. The facts so found by the court were sufficient to constitute justifiable cause for failure to bring the defendant to trial at the next term of court, and the motion to dismiss was properly overruled.

Defendant next contends that the court erred in overruling his application for a change of venue.

It is alleged, in substance, in this application that the defendant had been charged with the sale of approximately 60 stolen automobiles in Dewey county, and that the fact that he was charged with these offenses was so generally known in the county that it would be impossible to secure a jury that would give him a fair and impartial trial. This application was supported by affidavits of four citizens of the county, in substance as above set forth. No claim was made in this showing that there was any bias or prejudice against the defendant on account of the murder of his father and brother. The state in rebuttal filed 38 affidavits of citizens of the county in support of the state's declaration that a fair and impartial jury could. be had in the county.

The granting of a change of venue is by statute made discretionary with the court. This court will not reverse the ruling of the trial court denying an application for change of venue unless it is made clearly to appear that there has been such an abuse of discretion as to amount to a practical denial of justice. Starr v. State, 5 Okla. Cr. 440, 115 Pac. 356; Tegeler v. State, 9 Okla. Cr. 138, 130 Pac. 1164; Maddox v. State, 12 Okla. Cr. 462, 158 Pac. 883; Johnson v. State, 35 Okla. Cr. 212, 249 Pac. 971.

The trial court did not err in overruling defendant's application for a change of venue.

Defendant next contends that the court erred in failing to instruct the jury on circumstantial evidence.

The defendant was sworn and, testifying for himself, admitted the homicide and sought to justify the same on the ground of self-defense. In such a case, no instruction on circumstantial evidence is necessary.

Defendant next contends that the court erred in overruling his motion to exclude J. H. Lawson, Assistant Attorney General, from taking any part in the prosecution of the case.

This court has uniformly held that the Attorney General cannot supersede the county attorney in the prosecution of criminal cases, except upon the request of the Governor or one branch of the Legislature. State ex rel. Haskell, Governor, v. Huston, Judge, et al., 21 Okla. 793, 97 Pac. 982; Dupree v. State, 14 Okla. Cr. 369, 171 Pac. 489.

In the case at bar the Assistant Attorney General made no effort to supersede the county attorney, but appeared upon the request of the county attorney to aid in the prosecution of such case, the county attorney at all times retaining charge of and conducting such trial. In such case the Assistant Attorney General is in the same position as private counsel. It was within the discretion of the trial court to permit him to appear and assist in the prosecution under the facts as disclosed by this record.

Defendant earnestly contends that the punishment is excessive.

It appears from the record that the father and brother killed by defendant had been for a long time engaged in the unlawful manufacture and sale of intoxicating liquor; that defendant's father had been drunk and intimate with other women and abusive to the defendant's mother; that the mother had sent for defendant to come and take her

away from her husband's home because she was afraid of the husband; and that when defendant went after his mother the homicide was committed as the result of a family row. While the evidence establishes the guilt of the defendant as found by the jury, the circumstances surrounding the commission of the crime are such that a reduction of the punishment appears to be justified.

A careful consideration of the facts in the case convinces the court that justice will be done both the state and the defendant by reducing the punishment from 18 to 10 years in the state penitentiary.

For the reasons stated, the judgment is modified and the punishment reduced from 18 to 10 years in the state penitentiary, and, as modified, the same is affirmed.

DAVENPORT, P. J., and EDWARDS, J., concur.