# LEWIS LUNDAY v. STATE.

No. A-7645. Opinion Filed April 11, 1931.
Rehearing Denied May 2, 1931.
(298 Pac. 1054.)

Tom Aggas, Bailey E. Bell, G. W. Goad, and E. B. Hunt, for plaintiff in error.

J. Berry King, Atty. Gen., and W. C. Lewis, Asst. Atty. Gen., for the State.

CHAPPELL, J.   Plaintiff in error, hereinafter called defendant, was convicted in the district court of Delaware county of the crime of embezzlement, and his punishment fixed by the jury at a fine of $10,360 and imprisonment in the state penitentiary for a period of four years.

The evidence of the state was that the defendant had been court clerk of Delaware county; that the county commissioners had requested the state examiner and inspector to make an audit of the books of the defendant as such clerk, and that such audit revealed a net shortage of $4,994.42.

Under an information charging the embezzlement of a specified sum it is not necessary for the state to prove the exact amount recited in the information, but proof of the embezzlement of more than $20 at any one time within three years of the date of the filing of the information is sufficient to support a conviction. Defendant contends first that the court erred in not discharging the jury panel and continuing the case, when the jury on voir dire examination made statements which were prejudicial to the rights of the defendant.

Under this assignment defendant contends that because one juror on his voir dire examination said he had formed an opinion and believed the defendant to be guilty, that it was not sufficient for the trial court to discharge that juror for cause, but that the court should have discharged the entire panel because this opinion was expressed in the presence of the other jurors in the box.

In Remer v. State, 3 Okla. Cr. 706, 109 Pac. 247, this court, in discussing this question, said:

"The prejudice of individual jurors against the defendant is no ground for a challenge to the panel, but should be raised by challenging for cause the prejudiced jurors individually."

Under section 2659, C. O. S. 1921, a challenge to the panel can be founded only on a material departure from the forms prescribed by law, in respect to the drawing and return of the jury, or on the intentional omission of the sheriff to summon one or more of the jurors drawn, from which the defendant has suffered material prejudice.

Under these authorities the trial court did not err in overruling the defendant's challenge to the panel.

Defendant next contends that the court erred in not quashing the panel, for the reason that the same had not been drawn, chosen, and impaneled as required by law.

Under this assignment defendant contends that the names of the jurors were not taken from the tax rolls. A. A. Patterson testified that Mr. Huggins had a list of the names.

"Q. Where did he get this list he read from? A. I don't know.

"Q. In drawing the jurors what proceeding did you go through? A. We had the tax books there.

"Q. What was this list used for that this gentleman had? A. Well, he would suggest the names.

"Q. From that list? A. Yes.

"Q. Were a lot of names incorporated in the list? A. I think not.

"Q. Were some of them incorporated in there? A. I think some probably were.

"Q. The jury list you made and returned into court, you selected the names that appear on that list from the tax rolls? A. Yes."

It also appears that the jury commissioners were sworn and filed their oaths with the county clerk, but did not actually make up the list of names in the county clerk's office. Defendant contends that this is such a material departure from the law providing for the impaneling of jurors that the cause must be reversed. To this contention we cannot agree.

Section 3526, C. O. S 1921, provides:

"A substantial compliance with the provisions of this chapter shall be sufficient to prevent the quashing or setting aside of any indictment of a grand jury chosen hereunder, unless the irregularity in drawing, summoning or

impaneling the grand jury resulted in depriving a defendant of some substantial right, but such irregularity must be specifically presented to the court on or before the cause is first set for trial. A substantial compliance with the provisions of this chapter shall be sufficient to prevent the setting aside of any verdict rendered by a jury chosen hereunder, unless the irregularity in drawing and summoning or impaneling the same resulted in depriving a party litigant of some substantial right: Provided, however, that such irregularity must be specifically presented to the court at or before the time the jury is sworn to try the cause." Maddox v. State, 12 Okla. Cr. 462, 158 Pac. 883; Herndon v. State, 16 Okla. Cr. 586, 185 Pac. 701; January v. State, 16 Okla. Cr. 166, 181 Pac. 514; Middleton v. State, 16 Okla. Cr. 320, 183 Pac. 626.

The record in the case at bar discloses some departures from the procedure prescribed by law, but they are not of such nature as to prejudice the defendant nor require a reversal of the case.

Defendant next contends that the court erred in refusing to declare a mistrial because of the indirect reference of the prosecuting attorney to the fact that the defendant had not taken the witness stand.

During the trial a dispute had arisen as to whether Delaware county had received any benefit from the audit. The examiner and inspector had testified that a fund of $1,900 in the Grove division of the county court was turned over to Delaware county as a result of the audit. Defendant was not charged with the embezzlement of this fund, and it was not included in the audit introduced by the state, but was in a separate audit. It was contended by the state that it was undenied that the county received this $1,900, but no mention was made of the defendant, nor any claim made that he was in any wise liable for the same. There is nothing in the record even remotely referring to the defendant as not having testified in the case.

Defendant next contends that the court erred in permitting the state to show items embezzled more than three years prior to the filing of the information.

At the time this evidence was admitted, the trial court, addressing the jury, said:

"Certain testimony has been submitted to you by the court, as competent for your consideration, tending to show embezzlement of sums of money, other than as charged in the information and at different times, was committed by the defendant.

"If you believe from the evidence, beyond a reasonable doubt, that the defendant did embezzle and fraudulently appropriate to his own use and benefit such sums of money as mentioned in the evidence then in such case said evidence is to be considered by you only as bearing upon the question of whether or not the defendant embezzled and fraudulently appropriated to his own use the amount alleged in the information at the times alleged therein, as tending to show the intent, if any, of the defendant in the commission of the charge against him, that is, a plan or scheme on his part to appropriate these sums of money, and you will not consider this evidence for any other purpose other than that, as the offense charged must have been committed within three years prior to the 16th day of April, 1928. Anything that may have occurred prior to that time is admitted only for the purpose of showing intent, or scheme or plan on the part of the defendant, if any existed, and is not to be considered by you for any other purpose."

This court has held that evidence of other similar transactions tending to show a plan or scheme is admissible. State v. Rule, 11 Okla. Cr. 237, 144 Pac. 807; Johnson v. State, 35 Okla. Cr. 212, 249 Pac. 971; Jackson v. State, 42 Okla. Cr. 86, 274 Pac. 696.

The evidence complained of was admissible for the purpose of showing a plan or scheme to embezzle the

funds of the county. The instruction of the court directed the jury properly as to the purpose of this evidence, and the defendant was not prejudiced by the admission thereof.

Defendant next contends that the court erred in overruling his objections to the introduction of certain parts of the audit prepared by the state examiner and inspector. Defendant interposed the following objection:

"By Mr. Bell: We would like to specifically object to pages 1 and 2, of the record, as incompetent, irrelevant and immaterial; not tending to prove any of the allegations of the information herein; further reason prejudicial to the defendant. In addition to the grounds stated and for further reason that no proper foundation has been laid for the introduction of a compilation of figures, which purports to be based upon reports not in evidence. And for the further reason that it isn't shown to be a true and correct copy of the original, if there was an original, and never having been filed in the county clerk's office of Delaware county.

"By the Court: Part of that probably wouldn't be competent. Part of it is. I don't know how to separate it. Objection overruled."

It was the duty of the defendant to set his objection out specifically so that the court could properly rule thereon, and having failed to do so, it is his own error and not that of the court.

Defendant next contends that the punishment is excessive.

As a public official, the defendant grossly betrayed the confidence placed in him by the citizens of Delaware county, and justly deserves the imprisonment fixed by the jury. The jury evidently erred in computing the amount of the fine. It is hard to tell from the conflicting evidence the amount of the embezzlement. Considering the whole

record, we are of the opinion that the ends of justice will be served by reducing the fine to $500.

Defendant complains of other errors, but they are not considered of sufficient importance to require a separate discussion in this opinion.

The judgment of the district court is modified, and the punishment reduced from imprisonment of four years and a fine of $10,360, to imprisonment in the penitentiary for four years and a fine of $500, and, as modified, the cause is affirmed.

DAVENPORT, P. J., concurs. EDWARDS, J., absent, not participating.