## FRED FLANAGAN v. STATE.

No. A-9957.  March 18, 1942.

(124 P. 2d 270.)

H. C. Ivester, of Sayre, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

JONES, J.    The defendant, Fred Flanagan, was charged in the county court of Beckham county with the unlawful possession of intoxicating liquor, was tried, convicted and sentenced to serve 60 days in the county jail and pay a fine of $200, and has appealed.

A lengthy brief has been filed on behalf of the defendant in which several assignments of error have been presented.    It is first contended that the court erred in overruling the motion to suppress the evidence for the

reason that the facts disclose that the search and seizure of the liquor involved was unlawful.

Without going into a detailed discussion of the facts on which this motion was based, it is sufficient for us to state that the defendant may not question the legality of the search since he disclaimed any possession or control over the room where the liquor was found, or of the liquor. Freeman v. State, 72 Okla. Cr. 137, 113 P. 2d 843; Tacker v. State, 72 Okla. Cr. 72, 113 P. 2d 394; Rogers v. State, 72 Okla. Cr. 123, 113 P. 2d 606; Chanosky v. State, 52 Okla. 476, 153 P. 131; Hall v. State, 39 Okla. Cr. 254, 264 P. 221, 222.

In Freeman v. State, supra, it is stated:

"The constitutional provision guaranteeing one immunity from unlawful search and seizure is personal to the occupant of the premises involved, and hence an accused cannot object that a search is unlawful if he does not contend that he owns or has possession of the premises searched. Okla. St. Ann. Const. art. 2, § 30."

It is further contended that the court erred in giving certain instructions and in refusing to give certain instructions requested by the defendant.

The instructions which were given by the court were in the language of the statute and for the purposes for which they were given were sufficient under the decisions of this court. Anderson v. State, 21 Okla. Cr. 193, 207 P. 977.

The defendant presented a requested instruction based upon what he alleges is his theory of the case. It is true that the defendant in every criminal case has a right to have a clear and affirmative instruction given to the jury applicable to his testimony based upon the hypothesis that it is true, when such testimony affects a material issue in the case. We have examined the re-

quested instruction. It is not in proper form and, if given by the court of its own volition over the objection of the defendant, would have been grounds for a reversal of this case for the reason that it placed an unfair burden upon the defendant to prove that the whisky found by the officers belonged to Charles McDuffie.

The other instruction requested by the defendant was an instruction on circumstantial evidence and concerned the weight which might be given by the jury to certain statements alleged to have been made by the defendant to the officers after he had been placed in custody. The instruction requested by the defendant was not couched in proper language, but it was sufficient to direct the court's attention to the fact that a proper instruction on circumstantial evidence should be given, if, in the opinion of the court, the facts upon which the state relied for a conviction were wholly circumstantial. For a model instruction on circumstantial evidence see Jones v. State, 69 Okla. Cr. 244, 101 P. 2d 860.

It is the contention of the state that although a part of the evidence relied upon by the state was circumstantial in its nature, the defendant made certain admissions of guilt to the officers which constitute direct evidence, and that since their case was not based wholly on circumstantial evidence, no instruction on circumstantial evidence should have been given.

This court has repeatedly held that where the prosecution does not rely wholly upon circumstantial evidence for a conviction, the accused is not, as a matter of right, entitled to have the jury instructed upon the law of circumstantial evidence. Hagerty v. State, 22 Okla. Cr. 136, 210 P. 300; Foster v. State, 8 Okla. Cr. 139, 126 P. 835; Parnell v. State, 39 Okla. Cr. 361, 265 P. 660; Meier v. State, 39 Okla. Cr. 104, 263 P. 165.

In this case the defendant was the owner of a two-story hotel, known as the Lee Hotel, in the city of Sayre. This hotel building was a two-story structure with 20 or more rooms. The defendant managed and operated the hotel and occupied two of the rooms on the first floor as his living quarters. The other rooms of the hotel were occupied principally by permanent roomers, but there was some transient trade.

On the date alleged in the information, the officers, armed with a search warrant, searched the various rooms in the hotel. The whisky herein involved was found in room 16, which was occupied at that date by one Charles E. McDuffie. McDuffie's clothes and personal belongings were in this room and he told the sheriff that it was his room. The defendant was at the hotel at the time the search was made and informed the officers that the room where the liquor was found was rented by McDuffie; that McDuffie had been there several weeks. The sheriff testified that he made an examination of the hotel ledger and did not find anyone registered for room 16.

The defendant was arrested and taken to jail and the officers testified as to conversations had with the defendant while he was waiting in the lobby of the jail for his appearance bond to be made. Each of the officers testified as to certain statements made by the defendant. The testimony in this regard was substantially the same. We cite one instance which is sufficient to show the substance of the statements made by the defendant:

"Q. (By Mr. Gillum, County Attorney) After that raid was completed, Mr. Jefferson, did you have occasion to talk to the defendant Fred Flanagan? A. Yes, sir. * * * Q. Relate to the Court this conversation. * * * A. Mr. Flanagan told me at that time that it didn't pay a man to take a chance on handling whisky himself when he could get a man cheap to do it. * * * Q. (By Mr. Ives-

ter, Attorney for Defendant) He didn't say that whisky you found down there was his? A. No, he didn't exactly say that. Q. Did he say that? Did he? A. No."

It has been held that the testimony of a confession is direct evidence and not circumstantial, and that where there is direct evidence of a confession of an accused that he committed the crime, in addition to circumstantial evidence, an instruction on the law of circumstantial evidence is unnecessary. Foster v. State, 8 Okla. Cr. 139, 126 P. 835; Burns v. State, 22 Okla. Cr. 151, 210 P. 302; Hollingsworth v. State, 50 Okla. Cr. 164, 297 P. 301.

This court, however, has never had occasion to pass upon the question as to whether it is direct evidence where the statements made by the defendant are not sufficient to amount to a confession of his guilt as to the crime charged, but are merely incriminatory statements.

We think the rule is correctly stated in Hart v. State, 14 Ga. App. 714, 82 S. E. 164. The fifth syllabus of said case is stated as follows:

"A confession of facts directly admitting the commission of a crime is 'direct evidence,' but a confession of facts from which an inference of participation in the commission of the crime arises is 'circumstantial evidence.'"

In discussing this question in the body of the opinion, it is stated:

"Confessions may be direct or circumstantial evidence. If they be of facts directly admitting the commission of the crime, they are direct evidence; but if the fact or facts confessed be only matter from which inference of participation arises, they are circumstantial evidence. The facts admitted by the defendant in this case are only matter from which an inference of participation arises; and there being no evidence in this case, s a v e circumstantial evidence, on which the conviction could rest, it was the duty of the court to charge the

jury on the subject of circumstantial evidence, whether requested to do so or not. Weaver v. State, 135 Ga. [317], 322, 69 S. E. 488; McElroy v. State, 125 Ga. 37, 53 S. E. 759; Jones v. State, 105 Ga. 649, 31 S. E. 574; Thomas v. State, 8 Ga. App. 95, 68 S. E. 522; Twilley v. State, 9 Ga. App. 435, 71 S. E. 587."

In applying this rule to the case at bar, it is apparent that the statements made by the sheriff are not sufficient to be classed as a confession. The statements alleged to have been made by the defendant were damaging in their nature, and sufficient, when considered in connection with the other circumstances, to justify the jury in concluding that the defendant was guilty of the offense charged. It is agreed that if the statements made by the defendant were to be excluded from the evidence, all of the evidence of the state was wholly circumstantial. We think these statements by the defendant are merely additional circumstances and are not sufficient to be treated by the court as direct evidence so as to excuse the court from the giving of an instruction on circumstantial evidence.

There are many other assignments of error presented in the brief of defendant and argued by his counsel, but those questions should not arise upon a retrial of this case and it is not necessary for the same to be discussed in this opinion.

For the failure of the court to properly instruct the jury, the judgment of the county court of Beckham county is reversed, with instructions to grant the defendant a new trial.

BAREFOOT, P. J., and DOYLE, J., concur.