**Gary RYALS, Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defend-
ant in Error.**

**No. A–14110.**

Court of Criminal Appeals of Oklahoma.

Nov. 29, 1967.

Jack Bliss, Tahlequah, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

BUSSEY, Judge:

Gary Ryals, hereinafter referred to as Defendant, was charged by Information in the District Court of Cherokee County with the crime of Manslaughter in the First Degree. He was tried by a jury which found him guilty and judgment and sentence fixing his punishment at four years imprisonment was rendered against him on the 9th day of May, 1966. A timely appeal was perfected to this Court.

The sole question urged on appeal is that the County Attorney abandoned his office in the prosecution of this case by allowing the special prosecutor, Mr. Jack Durrett II, to make the opening statement, present the State's case in chief and rebuttal and cross-examine defense witnesses during the trial. Defendant relies upon Johnson v. State, 35 Okl.Cr. 212, 249 P. 971, as, indeed, does the Attorney General, and we are of the opinion that the facts there presented are almost identical with the facts presented in the instant case. In the body of the opinion, this Court, speaking through the Honorable Judge Edwards had this to say:

"It is next claimed that the court erred in permitting private counsel employed to

assist in the prosecution to supersede the county attorney. Under this contention it is argued at some length that the county attorney did not read the information nor make the opening statement to the jury, nor in any manner participate in the examination of witnesses, and did not argue the case to the jury, citing section 5741, Comp.Stat.1921, Hartgraves v. State, 5 Okl.Cr. 266, 274, 114 P. 343, 346, 33 L.R.A.,N.S., 568. No objection, however, was made during the course of the trial, and the first time any objection upon this point was called to the attention of the court was in the motion for a new trial. The journal entry of judgment recites that the county attorney appeared at the trial, and it is not made to appear that the county attorney at any time lost control of the case. The contention cannot be sustained. * * *"

In the instant case the record reflects the appearance of the County Attorney during the trial and while he did not make the opening statement, present the State's case in chief and rebuttal, and cross-examine defense witnesses during the trial, it does not appear that any objection was interposed until raised by the defendant in his Motion for New Trial, and where, as in the Johnson case, it "is not made to appear that the county attorney at any time lost control of the case." Moreover, an examination of the entire record discloses that the trial was conducted in an orderly manner with few objections being interposed by either defense counsel or the special prosecutor. Indeed, both the State and the defendant were capably represented, the evidence amply supported the verdict of the jury and the Judge fairly and meticulously instructed the jury, who imposed the minimum penalty provided by law.

We are of the opinion that the judgment and sentence appealed from should be, and the same is hereby, affirmed.

NIX, P. J., and BRETT, J., concur.