HENDRY, Judge.
The appellant was charged by a two count information with committing man *677 slaughter by driving an automobile while intoxicated and manslaughter by automobile. He entered a plea of not guilty. Upon trial by a jury he was found guilty as charged and sentenced to a term of seven years in the state penitentiary.
Appellant’s first point challenges the correctness of the trial judge’s denial of motions to quash and disqualify a jury panel after the examination on voir dire elicited answers that showed that two of the jurors were prejudiced.
The following questions and answers relate to the examination of Mr. Pinta.
“Q. Do You know the defendant, Lawrence W. Stone?
“A. Yes.
“Q. How long have you known him?
“A. Well, he had an accident with me. He hit my car.”
The questions and answers relating to Mr. Kerr’s examination are:
“Q. You’re not conscious of any bias or prejudice for or against this type of case?
“A. Only Pinta is my brother-in-law and I am biased.
“Q. In other words, you have a. fixed opinion as to the guilt or innocence of this defendant?
“A. Let’s say I would be biased.”
One of these jurors was excused for cause and the other upon stipulation. The other jurors were instructed to disregard the remarks of the two excused jurors. Defendant’s counsel thereupon moved to disqualify the entire panel on the ground that these answers were made in their presence and thereby prejudiced defendant’s right to a fair and impartial trial. Denial of the motions was followed by the court’s instruction to the impaneled jurors to disregard the remarks of the two excused jurors.
We find no error in the court’s ruling on the motion to quash and disqualify the panel. The remarks complained of were not such as would afford grounds for attacking the entire panel. Lunday v. State, 50 Okl. Crim. 431, 298 P. 1054 (1931); 76 A.L.R. 2d 678.
We have carefully considered the remaining points urged by appellant as grounds for reversal, but find them to be without substantial merit. It is our conclusion, after careful consideration of the briefs, arguments of counsel and record on appeal, that the trial was free of harmful error. Therefore, the judgment and sentence will not be disturbed.
Affirmed.